## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| BRIAN K. ALFORD,<br>    Plaintiff, | Case No. 1:15-cv-645 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| GARY MOHR, et. al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff Brian K. Alford, an inmate currently incarcerated at the Warren Correctional Institution (WCI) in Lebanon, Ohio, initiated this prisoner civil rights action under 42 U.S.C. § 1983 by filing a complaint with this Court without paying the filing fee or submitting a motion for leave to proceed *in forma pauperis*. (*See* Doc. 1). In the complaint, plaintiff brings claims against the Ohio Department of Rehabilitation and Correction (ODRC); ODRC's Director, Gary Mohr; the Warden of Lebanon Correctional Institution (LeCI) where plaintiff was previously incarcerated; WCI's Warden; and various ODRC, LeCI and WCI correctional officials and staff members. (*See id.*, ¶¶ 8-29, at PAGEID#: 3-4). In the complaint, plaintiff claims that he was subjected to "incessant retaliation and/or 'campaign of harassment'" at LeCI, which continues at WCI, for reporting in October 2013 a defendant's intentional venting of "dangerous refrigerants (CFC, HCFC, and HFC) into the atmosphere" at LeCI. (*See id.*, ¶¶ 43-71, at PAGEID#: 6-12). Plaintiff alleges that the venting of the "dangerous refrigerants" caused "permanent damage to [his] eyes, requiring two surgeries and three hospitalizations," and that acts of retaliation have included the loss of property when plaintiff was transferred to WCI, denials of plaintiff's grievances, improper care of plaintiff's eye problems by WCI medical staff, tampering with plaintiff's mail, and harassment by a defendant who accused plaintiff of impropriety regarding a female staff member. (*See id.*). Plaintiff requests damages and injunctive relief in the form of an

order prohibiting the defendants "from interfering with Plaintiff's due process and equal protection rights." (*Id.*, at PAGEID#: 13). The matter is now before the Court on plaintiff's motion for leave to proceed *in forma pauperis*, which was filed on November 9, 2015 in compliance with a Deficiency Order issued October 15, 2015. (Doc. 3; *see also* Doc. 2).

A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The "three strikes" provision applies to cases that were dismissed even prior to the effective date of the PLRA. *Swenson v. Pramstaller*, 169 F. App'x 449, 450 (6th Cir. 2006) (citing *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998)). Courts have held that appellate court affirmances of a screening dismissal do not constitute a "strike" under the statute. *See, e.g., Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436-37 (D.C. Cir. 2007); *Soto v. Birkett*, No. 07-CV-11929-DT, 2007 WL 3121606, at *2 (E.D. Mich. Oct. 23, 2007) (and cases cited therein). However, by the same token, the dismissal of an appeal as frivolous or malicious, for failure to state a claim or "pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons" does count as a "strike." *See, e.g., Byrd v. Shannon*, 715 F.3d 117, 126 (3rd Cir. 2013); *see also Soto, supra*, 2007 WL 3121606, at *2.

Mr. Alford is prohibited by § 1915(g) from proceeding *in forma pauperis* in this case because it appears that four prior complaints filed by Alford while he has been a prisoner were

dismissed with prejudice at the screening stage for failure to state a claim upon which relief may be granted. *See, e.g., Brian Keith Alford v. Reginald Wilkinson, et al.,* Case No. 2:97-cv-00997 (S.D. Ohio October 29, 1997) (Graham, J.; Kemp, M.J.) (Docs. 8-9; *see also* Doc. 5); *Brian Keith Alford v. Reginald J. Wilkinson, et al.,* Case No. 2:98-cv-00226 (S.D. Ohio February 27, 1998) (Marbley, J.; Abel, M.J.) (Docs. 4-5); *Brian Keith Alford v. Judge Walter Herbert Rice, et al.*, Case No. 3:10-cv-00424 (S.D. Ohio January 28, 2011) (Dlott, J.; Merz, M.J.) (Docs. 19-20; *see also* Docs. 4, 9); *Brian Keith Alford v. Henry J. Sadowski, et al.,* Case No. 4:10-cv-02542 (N.D. Ohio February 15, 2011) (Boyko, J.) (Docs. 7-8).[1] The previous four screening dismissals prevent the plaintiff from obtaining pauper status in the instant action.

In view of his three "strikes," Mr. Alford may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." Under the plain language of the statute, plaintiff must be in imminent danger at the time that he seeks to file his suit in federal court to qualify for the exception to the "three strikes" provision of § 1915(g). *See Vandiver v. Vasbinder,* 416 F. App'x 560, 561-62 (6th Cir. 2011) (and cases cited therein) (holding in accordance with other circuit courts that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"); *accord Chavis v. Chappius,* 618

---

[1] The United States Court of Appeals for the Sixth Circuit affirmed the screening dismissal in Case No. 2:97-cv-997, and on further appeal, the United States Supreme Court denied Mr. Alford's petition for writ of certiorari. *See Brian Keith Alford v. Reginald Wilkinson, et al.,* Case No. 2:97-cv-00997 (Docs. 17-19). The Sixth Circuit also affirmed the screening dismissal in Case No. 2:98-cv-00226. *See Brian Keith Alford v. Reginald J. Wilkinson, et al.*, Case No. 2:98-cv-00226 (Docs. 12-13). In Case No. 4:10-cv-02542, Mr. Alford filed a motion for relief from judgment with the district court, which was denied; the Sixth Circuit affirmed the district court's decision to deny that motion. *See Brian Keith Alford v. Henry J. Sadowski, et al.,* Case No. 4:10-cv-02542 (Docs. 16, 18, 23). The undersigned has not counted the appellate court decisions as "strikes" in determining that Mr. Alford is subject to the "three strikes" rule set forth in § 1915(g).

F.3d 162, 169 (2nd Cir. 2010) (citing *Malik v. McGinnis*, 293 F.3d 559, 563 (2nd Cir. 2002)); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Chase v. O'Malley*, 466 F. App'x 185, 186-87 (4th Cir. 2012) (per curiam). *Cf. Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315.

The Court is unable to discern from plaintiff's complaint any facts showing plaintiff meets the statutory exception. Because plaintiff has failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he commenced this action, he does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

For these reasons, plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) should be denied under 28 U.S.C. § 1915(g).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) be **DENIED.**

2. Plaintiff be ordered to pay the full $400 fee ($350 filing fee plus $50 administrative fee) required to commence this action within thirty (30) days, and that plaintiff be notified that his failure to pay the full $400 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

*See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date:  11/19/15             s/Karen L. Litkovitz
                                                         Karen L. Litkovitz
                                                         United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

BRIAN K. ALFORD,                       Case No. 1:15-cv-645
    Plaintiff,

                                            Dlott, J.
    vs.                                    Litkovitz, M.J.

GARY MOHR, et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc