UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN K. ALFORD,
Plaintiff,

vs.

GARY MOHR, et al.,
Defendants.

Case No. 1:15-cv-645
Dlott, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, an inmate at the Toledo Correctional Institution and former inmate at the Lebanon Correctional Institution (LeCI) brings this pro se civil rights action under 42 U.S.C. § 1983. The only remaining defendant in this case is defendant Richard Malott, an Air Quality Tech 2 at LeCI. Plaintiff alleges that between February 5 and October 8, 2013, defendant Malott intentionally "vented" dangerous refrigerants into the atmosphere at LeCI and did not comply with safe disposal requirements, which put plaintiff in imminent danger of death or serious bodily harm. (Doc. 35, ¶¶ 44, 46; Exh. A). Plaintiff alleges that as a result of Malott's actions, plaintiff suffered permanent eye damage with long-lasting pain and other symptoms, and he required surgeries and hospitalizations. (*Id.*, ¶¶ 44, 45, 46). This matter is before the Court on plaintiff's motions for extension of the discovery deadline and to compel discovery (Docs. 131, 133), defendant Malott's responses in opposition (Docs. 132, 137), and plaintiff's reply memorandum (Doc. 138).

**I. Discovery Background**

Plaintiff propounded discovery on defendant seeking the following:

1. All refrigeration usage logs for all refillable cylinders used at Lebanon Correctional Institution's HVAC Department utilized by Defendant Malott for the period of February 5th, 2013 thru October 8th, 2013.

2. All recovery usage logs for the recovery machine utilized by Defendant Malott at Lebanon Correctional Institution for the period of February 5th, 2013 thru

October 8th, 2013.

3. All work orders for repair and maintenance for refrigeration equipment at Lebanon Correctional Institution utilized by Defendant Malott in the HVAC Department from February 5th, 2013 thru October 8th, 2013.

4. All documents relating the investigation of intentional venting by Defendant Malott in the HVAC Department at Lebanon Correctional Institution during the period of February 5th, 2013 thru October 8th, 2013.

Defendant objected to the form of each request and, with respect to Request Nos. 1, 2, and 4, stated that "upon reasonable inquiry and effort, no such documents could be located." (Doc. 133-1 at 62-63). With respect to Request No. 3, defendant produced Bates Stamped Documents 1-34. (*Id.*). Plaintiff alleges the documents he seeks in Requests Nos. 1, 2, and 4 are relevant to his claims in this case, as these "records are required by the EPA (Environmental Protection Agency) under Section 608 of the Clean Air Act of 1993 in order to ensure implementation and enforcement of regulations involving safe disposal requirements and contain sever penalties for venting refrigerants into the atmosphere." (Doc. 133 at 4). Plaintiff alleges that the documents he seeks will show that the evacuation levels for various appliances and equipment exceeded that permitted by the EPA. (*Id.* at 5).

Defendant represents that all of the documents sought in plaintiff's motion to compel could not be located and therefore cannot be provided. (Doc. 137 at 1). Counsel for defendant alleges that she informed plaintiff that the documents he requested, upon inquiry and due diligence, are not in the possession of defendant, his employer, or counsel. *Id.* In reply, plaintiff reiterates that "recovery, recharging, and reclaiming refrigerants for disposal of appliances cannot be performed without refrigerant usage logs, recovery machine usage logs, or refillable cylinder usage logs" under "Section 608 of the Clean Air Act." (Doc. 138 at 2). However, plaintiff has failed to produce any evidence that such logs actually exist or to direct the Court's

2

attention to any specific section of the Act or regulations that specifically mandate record-keeping through the use of "refrigerant usage logs," "recovery machine usage logs," or "refillable cylinder usage logs" to suggest that such documents actually exist.

Upon review of both parties' submissions, the Court finds that defendant has fully complied with plaintiff's discovery requests. A defendant has no duty to "create a report for Plaintiff or to produce documents that do not exist or which are not within the Defendant['s] custody and control." *Smallwood v. Collins*, No. 2:08-cv-679, 2010 WL 2044953, at *3 (S.D. Ohio May 21, 2010) (citing *Ridenour v. Collins*, No. 2:08-cv-682, 2010 WL 546353 at *14 (S.D. Ohio Feb. 10, 2010)). *See also McDougald v. Bear*, No. 1:17-cv-124, 2018 WL 4935938, at *2 (S.D. Ohio Oct. 11, 2018) ("defendants cannot be compelled to produce video footage that does not exist"); *Brown v. Warden Ross Corr. Inst.*, No. 2:10-cv-822, 2011 WL 1877706, at *5 (S.D. Ohio May 16, 2011) ("Defendants have represented that they do not have the information Plaintiff seeks. The Court cannot require them to produce what they do not have."). Defendant has represented that the documents sought in Request Nos. 1, 2, and 4, after a diligent search, could not be located and are not in the possession of defendant, his employer, or counsel. As such, defendant cannot be compelled to produce documents that do not exist. *See Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-cv-00904, 2008 WL 4951792, at * 2 (S.D. Ohio Nov. 17, 2008) ("A party cannot be compelled to produce documents which do not exist or which it does not possess or control."). Thus, plaintiff's motions for extension of the discovery deadline and to compel discovery (Docs. 131, 133) are **DENIED**.

**IT IS SO ORDERED.**

Date: 8/30/19

Karen L. Litkovitz
United States Magistrate Judge