UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRIAN K. ALFORD,<br>    Plaintiff, | Case No. 1:15-cv-645<br>McFarland, J.<br>Litkovitz, M.J. |
| vs. | |
| GARY MOHR, *et al.*,<br>    Defendants. | **ORDER AND REPORT AND RECOMMENDATION** |

This matter is before the Court on plaintiff Brian K. Alford's "Motion for Releief (sic) of Judgment Pursuant to Federal Rules Civil Procedure 60(b) (4) (6)." (Doc. 161). Plaintiff is currently an inmate at the Ross Correctional Institution (RCI), but his complaint in this action alleged violations of his civil rights that occurred during his incarceration at the Lebanon Correctional Institution.[1] On March 12, 2020, the undersigned issued a Report and Recommendation that summary judgment be granted in favor of the only remaining defendant, Rick Malott, because plaintiff did not raise a genuine issue of material fact that defendant Malott's actions proximately caused his injuries. (Doc. 149 at PAGEID 2296-97). On April 13, 2020, the District Judge adopted the Report and Recommendation over plaintiff's objection. (Doc. 153). Plaintiff initially pursued an appeal of this decision (Doc. 155), but the Sixth Circuit dismissed the appeal for want of prosecution on July 29, 2021 (Doc. 160). Plaintiff filed the pending motion on August 11, 2022—just over one year later.

Rule 60(b) provides for relief from a judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[1] While the docket reflects plaintiff's current address at the Toledo Correctional Institution consistent with plaintiff's most recent notice regarding a change in his address (Doc. 84), his pending motion reflects that he is an inmate at RCI.

>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff invokes subsections (4) and (6), arguing that "the court's order granting summary judgment is void, as it denied Movant due process and equal protection under the United States Constitution." (Doc. 161 at PAGEID 2342). Plaintiff's motion generally restates the allegations of his complaint and the evidence presented by the parties during the briefing on summary judgment. (*Id.* at PAGEID 2342-44). Plaintiff then argues that he "adduced evidence creating a genuine issue of fact on the causation of his § 19[8]3 claim"—further insisting that fellow inmates "could verify [Eighth Amendment] violations occurred" and that "[a]dditional discovery" would have resulted in evidence "clearly establish[ing] a causal connection" between plaintiff's injuries and the alleged constitutional violations. (*Id.* at PAGEID 2344-45). Finally, plaintiff accuses unspecified Ohio Department of Rehabilitation and Correction staff of improper conduct related to his legal documents. (*Id.* at PAGEID 2345-46 (plaintiff states that he "was forced to mail one . . . legal box . . . to his father . . . in spite of active, pending litigation in this . . . case[;]" that the box was "destroyed after being shipped[;]" and that he was overcharged for the shipment)). It is only at the close of his motion that plaintiff returns to his argument that the judgment is void: "Because of the issues of material fact in dispute[] by Plaintiff, the judgment granting summary judgment is void and requires relief from the judgment. . . ." (*Id.* at PAGEID 2346).

"A judgment is void under 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (quoting *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992)). The first prong of Rule 60(b)(4) refers to a jurisdictional error; the fact that a judgment is erroneous does mean that it is void. *See Northridge Church v. Charter Twp. of Plymouth*, 647 F.3d 606, 611 (6th Cir. 2011) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010)). The second prong of Rule 60(b)(4) refers to a situation in which a party is "deprive[d] . . . of notice or the opportunity to be heard." *Espinosa*, 559 U.S. at 271 (citations omitted). Rule 60(b)(4) is not a substitute for an appeal. *Id.*

Plaintiff abandoned his appeal of the Order at issue (*see* Doc. 160), and plaintiff makes no substantive argument related to flaws with the Court's jurisdiction or the process it afforded to plaintiff. Plaintiff argues only that the Court wrongly decided defendant Malott's summary judgment motion. This does not warrant relief under Rule 60(b)(4).[2]

Rule 60(b)(6), the catchall provision, applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir. 1989) (citation omitted). Plaintiff does not explicitly point to the circumstances he believes relevant to this subsection, but the Court infers that plaintiff relies on the alleged issues with his legal mail. Even to the extent these issues would rise to the level of the "exceptional or extraordinary circumstances" contemplated by the catchall provision, the Court cannot conceive of why or how issues that did not begin—according to plaintiff—until early 2022 (*see* Doc. 161 at PAGEID 2345-46) would have any

---

[2] To the extent plaintiff refers to evidence not considered by the Court in connection with its ruling on summary judgment (*see* Doc. 161 at PAGEID 2345), he makes no argument that such evidence is new for purposes of Rule 60(b)(2).

3

bearing on the April 2020 judgment at issue.

**IT IS THEREFORE RECOMMENDED that** plaintiff's motion (Doc. 161) be **DENIED.**

**IT IS THEREFORE ORDERED that** the Clerk shall send plaintiff a copy of this Report and Recommendation to the address listed on his motion (Doc. 161), and plaintiff shall file a notice of change of address.

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRIAN K. ALFORD,<br>Plaintiff,<br><br>vs.<br><br>GARY MOHR, *et al.*,<br>Defendants. | Case No. 1:15-cv-645<br>McFarland, J.<br>Litkovitz, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

5