UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRIAN K. ALFORD,<br>　　Plaintiff, | Case No. 1:15-cv-645<br>McFarland, J.<br>Litkovitz, M.J. |
| vs. | |
| GARY MOHR, *et al.*,<br>　　Defendants. | **REPORT AND**<br>**RECOMMENDATION** |

　　This matter is before the Court on plaintiff Brian K. Alford's motion for relief from judgment pursuant to Rule 60(b)(2), (4), and (6) of the Federal Rules of Civil Procedure. (Doc. 172). Plaintiff is currently an inmate at the Ross Correctional Institution (RCI), but his complaint in this action alleged violations of his civil rights that occurred during his incarceration at the Lebanon Correctional Institution (LeCI). On March 12, 2020, the undersigned issued a Report and Recommendation that summary judgment be granted in favor of the only remaining defendant, Rick Malott, because plaintiff did not raise a genuine issue of material fact that defendant Malott's actions proximately caused plaintiff's injuries. (Doc. 149 at PAGEID 2296-97). On April 13, 2020, the District Judge adopted this Report and Recommendation over plaintiff's objection. (Doc. 153). Plaintiff initially pursued an appeal of this decision (Doc. 155), but the Sixth Circuit dismissed the appeal for want of prosecution on July 29, 2021 (Doc. 160). Plaintiff filed the pending motion on April 5, 2024—nearly three years later. (Doc. 172).

　　Plaintiff argues that a March 24, 2024 EKG test performed by medical staff at RCI confirmed that he suffers from heart palpitations. Plaintiff alleges that a nurse at RCI "advised" on that date "that this information should have been contained in [his] medical file, and it was not." (Doc. 172 at PAGEID 2430). Plaintiff also alleges that "this issue [was] made known" to

various correctional institution staffs, including LeCI's, on January 19, 2022. (*Id.*). Plaintiff argues that this "newly discovered evidence" makes the judgment in this case "VOID ABINITIO" and constitutes "extraordinary circumstances" for purposes of Rule 60(b)(4) and (6). (*Id.* at PAGEID 2431). In particular, he states that this "newly discovered evidence" entitles him to "proceed to trial with appointed counsel and a medical expert witness in order to show a causal connection to his injuries and exposure to intentional venting of hazardous waste by Defendant Malott." (*Id.* at PAGEID 2432).

Rule 60(b) provides for relief from a judgment in the event of: "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; when "(4) the judgment is void"; or when there is "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

"A judgment is void under 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (quoting *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992)). The first prong of Rule 60(b)(4) refers to a jurisdictional error; the fact that a judgment is erroneous does mean that it is void. *See Northridge Church v. Charter Twp. of Plymouth*, 647 F.3d 606, 611 (6th Cir. 2011) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010)). The second prong of Rule 60(b)(4) refers to a situation in which a party is "deprive[d] . . . of notice or the opportunity to be heard." *Espinosa*, 559 U.S. at 271 (citations omitted). Rule 60(b)(4) is not a substitute for an appeal. *Id.*

Plaintiff abandoned his appeal of the Order at issue (*see* Doc. 160), and plaintiff makes no substantive argument related to flaws with the Court's jurisdiction or the process it afforded to plaintiff. Plaintiff is not entitled to relief under Rule 60(b)(4).

2

Rule 60(b)(6), the catchall provision, applies "only in exceptional or extraordinary circumstances *which are not addressed by the first five numbered clauses of the Rule*." *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir. 1989) (emphasis added). The entire basis for plaintiff's motion, however, is that he has newly discovered evidence. This circumstance is clearly addressed in Rule 60(b)(2), making Rule 60(b)(6) inapplicable.

The application of the remaining subsection, Rule 60(b)(2), is subject to time constraints; a motion under this subsection must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c)(1). Plaintiff's motion is plainly out of time. Regardless, to succeed, plaintiff would be required "to show by clear and convincing evidence (1) that [he] exercised due diligence to obtain the evidence and (2) that the evidence is material, *i.e.*, would have clearly resulted in a different outcome." *Luna v. Bell*, 887 F.3d 290, 294 (6th Cir. 2018). Here, the Court granted defendant Malott's motion for summary judgment because it concluded that plaintiff "failed to produce any expert or other evidence showing a causal relationship between his left eye retinal detachment, corneal ulcer, or cataract condition and any exposure to refrigerants during the nine months in 2013 that he worked under defendant Malott." (Doc. 149 at PAGEID 2297, *adopted*, Doc. 153). Leaving aside plaintiff's diligence or lack thereof in obtaining it, the alleged "newly discovered evidence" does not show a causal relationship between plaintiff's alleged injuries and defendant Malott's actions and therefore would not "have clearly resulted in a different outcome." *Luna*, 887 F.3d at 294.

**IT IS THEREFORE RECOMMENDED that** plaintiff's motion (Doc. 172) be **DENIED.**

Karen L. Litkovitz
Chief United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN K. ALFORD,  
    Plaintiff,

vs.

GARY MOHR, *et al.*,  
    Defendants.

Case No. 1:15-cv-645  
McFarland, J.  
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).