IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| BRIAN K. ALFORD, | : | Case No. 1:15-cv-645 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| GARY MOHR, et al., | : | |
| Defendants. | : | |

**ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 173)**

This matter is before the Court on the Report and Recommendation (Doc. 173) of United States Magistrate Judge Karen L. Litkovitz. Plaintiff filed timely objections to the Report (Doc. 174). Thus, this matter is ripe for the Court's review.

On April 13, 2020, the Court granted summary judgment in favor of the only remaining Defendant because Plaintiff did not raise a genuine issue of material fact that Defendant's actions proximately caused his injuries. (*See* Docs. 149, 153.) Then, on April 5, 2024, Plaintiff filed a Motion for Relief of Judgment pursuant to Federal Rules of Civil Procedure 60(b)(2), (4), and (6). (Motion, Doc. 172.) Magistrate Judge Litkovitz recommended that this motion be denied. (Report, Doc. 173.) As Plaintiff's objections appear to argue that relief is proper under subsections (2), (4), and (6) of Rule 60, (*see* Objections, Doc. 174), the Court considers each in turn.

## I. Rule 60(b)(2)

Plaintiff first objects to the conclusion that Rule 60(b)(2) is inapplicable. A court may relieve a party from a final judgment under this provision in light of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Plaintiff argues that his "medical files have now been updated to affirm that he does in fact suffer from heart palpitations and that it was the result of exposure to hazardous waste while working for defendant." (Objections, Doc. 174, Pg. ID 2463.)

But, Plaintiff's objections fail to address the untimeliness of this issue. (*See* Objections, Doc. 174.) A party must move for relief under Rule 60(b)(2) "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The Court entered judgment in this matter on April 13, 2020. (Order, Doc. 153.) Defendant brought the present Motion for Relief of Judgment on April 5, 2023—nearly three years later. (*See* Motion, Doc. 172.) Relief under Rule 60(b)(2) is therefore time barred. And, even if it were timely, Plaintiff does not offer support for his conclusion of causation or show that the introduction of such evidence would have "clearly resulted in a different outcome." *Luna v. Bell*, 887 F.3d 290, 294 (6th Cir. 2018). For these reasons, Plaintiff's objections are not well taken.

## II. Rule 60(b)(4)

Next, Plaintiff objects to the conclusion that Rule 60(b)(4) is inapplicable. Rule 60(b)(4), which speaks to void judgments, "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of

due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Defendant argues that he was denied due process because he was not provided with the medical records indicating heart palpitations at the time of trial. (Objections, Doc. 174, Pg ID 2464-65.) In making this argument, Plaintiff has not alleged that he was deprived "of notice or the opportunity to be heard." *Espinosa*, 559 U.S. at 271. And, Plaintiff's contention that the Court erroneously granted summary judgment is not a basis for relief under Rule 60(b)(4). *See id.* at 270. Thus, this objection is not well taken.

### III.  Rule 60(b)(6)

Finally, Plaintiff objects to the conclusion that Rule 60(b)(6) is inapplicable. Rule 60(b)(6) empowers the Court to relieve a party from a final judgment for "any *other* reason that justifies relief." Fed. R. Civ. P. 60(b)(6) (emphasis added). This provision applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). While Plaintiff submits that these circumstances should be considered "exceptional," they all relate to the claims of newly discovered evidence. And, since Rule 60(b)(2) addresses such circumstances, Rule 60(b)(6) is no avenue for relief. Therefore, this objection is not well taken.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Upon said review, the Court finds that Plaintiff's objections are not well taken and are accordingly **OVERRULED**. The

3

Court **ADOPTS** the Report and Recommendation (Doc. 173) in its entirety. Plaintiff's Motion for Relief of Judgment (Doc. 172) is **DENIED**.

**IT IS SO ORDERED.**

By: _____
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

MATTHEW W. McFARLAND
UNITED STATES DISTRICT JUDGE